UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY W JOHNSON,

               Plaintiff,

     v.

RCO LEGAL, P.S.,

               Defendant.

CASE NO. C17-512 RAJ

ORDER

This matter comes before the Court on Plaintiff Larry Johnson's application to confirm arbitration award. Dkt. # 1. Defendant RCO Legal, P.S. ("RCO" or "Defendant") opposes the application and moves the Court to vacate the arbitration award. Dkt. # 9. Plaintiff further moves the Court for an order directing the Clerk to issue a prejudgment writ of attachment and prejudgment writ of garnishment. Dkt. # 20. The Court GRANTS Plaintiff's application and DENIES Defendant's motion to vacate the arbitration award. The motion for prejudgment remedies is MOOT.

## I.    BACKGROUND

The parties in this action dispute Defendant's actions in terminating Plaintiff. The parties participated in arbitration, and the arbitrator found that Defendant violated the employment agreement ("Agreement") when it terminated Plaintiff "for cause." Dkt. # 4

at 7-16 (Ruling).  The arbitrator then issued an award in favor of Plaintiff.  Dkt. # 4 at 27

(Award).  Plaintiff now moves the Court to confirm this award.  Dkt. # 1.  Defendant

objects to the award and requests that the Court vacate the arbitrator's ruling and award.

Dkt. # 9.

## II.     LEGAL STANDARD

A party may petition a court for an order vacating an arbitration award "where the

arbitrators exceeded their powers[.]"  9 U.S.C. § 10(a)(4).  However, the moving party

faces a "high hurdle"; "[i]t is not enough for petitioners to show that the panel committed

an error—or even a serious error."  *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559

U.S. 662, 671 (2010); *see also Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013)

("Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual

circumstances.'") (citations omitted).  "It is only when [an] arbitrator strays from

interpretation and application of the agreement and effectively 'dispense[s] his own brand

of industrial justice' that his decision may be unenforceable."  *Stolt-Nielsen*, 559 U.S. at

671 (citing *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509 (2001));

*see also Cross Link, Inc. v. Salt River Constr. Corp.*, No. 16-CV-05412-JSW, 2017 WL

4351729, at *3 (N.D. Cal. May 8, 2017) (finding that "a court must uphold an arbitrator's

decision unless it is 'completely irrational ... or exhibits a manifest disregard of law[.]'")

(quoting *Kyocera Corp. v. Prudential Bache Trade Servs.*, 341 F.3d 987, 997 (9th Cir.

2003)).  The question for the court is "whether the arbitrator (even arguably) interpreted

the parties' contract, not whether he got its meaning right or wrong."  *Oxford Health*

*Plans*, 569 U.S. at 564.  If an award is not vacated, modified, or corrected under § 10,

then the court must grant a motion confirming the arbitration award.  9 U.S.C. § 9.

## III.     DISCUSSION

A. Petition to Confirm Arbitration Award and Motion to Vacate the Same

Defendant claims that the arbitrator exceeded his powers in four ways: (1) by

disregarding Section 237 of the Restatement (Second) of Contracts ("Section 237"); (2)

by overlooking the after-acquired evidence of Plaintiff's alleged unethical conduct; (3) by focusing on one section of Agreement rather than other sections; and (4) by finding in a way that is repugnant to public policy. *See generally* Dkt. # 9.

Defendant claims that the arbitrator made no mention of Section 237. Dkt. # 9 at 8. Section 237 states,

> Except as stated in § 240, it is a condition of each party's remaining duties to render performances to be exchanged under an exchange of promises that there be no uncured material failure by the other party to render any such performance due at an earlier time.

Restatement (Second) of Contracts § 237 (1981). The drafters of the Restatement provided various illustrations in connection with this Section. Defendant cites Illustration 8 as being directly related to the situation at issue in this matter. Dkt. # 9 at 9; *see also* Restatement (Second) of Contracts § 237. That illustration describes the following:

> A and B make an employment contract. After the service has begun, A, the employee, commits a material breach of his duty to give efficient service that would justify B in discharging him. B is not aware of this but discharges A for an inadequate reason. A has no claim against B for discharging him. B has a claim against A for damages for total breach (§ 243) based on B's loss due to A's failure to give efficient service up to the time of discharge, but not for damages based on the loss of A's services after that time, because that loss was caused by B's discharge of A and not by A's failure to give efficient service.

Restatement (Second) of Contracts § 237.

It is true that the arbitrator did not expressly cite Section 237 in his Ruling, nor did he reference Illustration 8. But the arbitrator did address Section 237 in context. *See*

Dkt. # 4 at 9 (twice acknowledging Defendant's argument that Plaintiff's "alleged misconduct excuses any breach by RCO in potentially not having cause to terminate him for the reasons asserted in his September 15th termination letter."). Accordingly, despite Defendant's argument to the contrary, the arbitrator did consider Section 237 and decided it was not dispositive. There was no manifest disregard for the law, and this Court is not in a position to review the matter *de novo*.

Defendant further argues that the arbitrator disregarded "undisputed dispositive facts." Dkt. # 9 at 8. But the arbitrator did consider Defendant's "after acquired evidence." Dkt. # 4 at 9. Moreover, the arbitrator interpreted the Agreement in light of this evidence but did not agree with Defendant's argument that the evidence amounted to a breach that released Defendant from liability.

Defendant also argues that the arbitrator interpreted the Agreement in an unjust manner. Dkt. # 9 at 10-12. The Court does not agree. The arbitrator interpreted Section 7 of the Agreement, which governed Defendant's right to terminate Plaintiff's employment. Dkt. # 4 at 12-15. The arbitrator noted that "neither party has suggested that extrinsic evidence is needed to determine the meaning of the Agreement as applied to the material facts." *Id.* at 11. The arbitrator then carefully construed the terms "cause" and "assigned duties" by referencing Washington law and the terms embedded in the Agreement. *Id.* at 12-15. In doing so, the arbitrator concluded that Defendant's actions in terminating Plaintiff were in violation of the Agreement, even in light of Plaintiff's alleged misconduct. *Id.* at 15. "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." *Oxford Health Plans*, 569 U.S. at 564 (quoting *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000)).

Defendant finally argues that the arbitrator's award violates public policy and therefore the Court should vacate the award. Dkt. # 9 at 12. Defendant claims that

allowing this award to stand "conflicts with the strong public policy requiring lawyers to deal honestly with their clients and the public." *Id.* at 13.  But public policy also recognizes the importance of upholding arbitration awards.  *S. California Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787, 792 (9th Cir. 2001) ("It is well-settled that federal labor policy favors the resolution of disputes through arbitration; thus, judicial scrutiny of an arbitrator's decision is *extremely* limited.").  To vacate the arbitrator's award based on Defendant's factual assertions would mean that the Court reviewed the award on the merits and accepted as true those alleged assertions.  The Court is not authorized to do so.  *See id.* at 794 ("As the Supreme Court recently reiterated, '[c]ourts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.'") (citations omitted).

B.  Prejudgment Writ of Attachment and Prejudgment Writ of Garnishment

Plaintiff states that if this Court were to rule on his Application, then the request for prejudgment remedies would be moot and no further ruling on his motion would be necessary.  Dkt. # 27 at 2.  Because the Court has confirmed the arbitration award, the motion for prejudgment remedies is moot.

IV.  CONCLUSION

For the foregoing reasons, the Court affirms the arbitrator's award and therefore **GRANTS** Plaintiff's motion.  Dkt. # 1.  This Order renders Plaintiff's motion for prejudgment remedies **MOOT**.  Dkt. # 20.

Dated this 20th day of November, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER- 5